IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KEVIN M. KEAY,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

    Defendant.

No. 3:15-cv-01691-HZ

OPINION & ORDER

Kevin M. Keay
650 NW Irvine
Portland, OR 97209

    Pro Se Plaintiff

HERNÁNDEZ, District Judge:

    On September 8, 2015, Kevin Keay filed an application to proceed *in forma pauperis* ("IFP") [2], and a complaint [1] in which he alleges that the Social Security Administration failed to pay him his benefit for the month of September, 2015, an amount he claims should be

1 - OPINION & ORDER

$629.00. Mr. Keay's application to proceed IFP is granted, but his complaint is dismissed because he has failed to allege that he exhausted his administrative remedies. If Mr. Keay has already presented his claims to the Social Security Administration, and wishes to file an amended complaint that includes information about that process, he may file an amended complaint within thirty days. The Court provides some additional instructions at the end of this Opinion & Order.

DISCUSSION

According to his complaint, Mr. Keay was awarded Social Security benefits in 2008. He alleges that the Social Security Administration failed to pay him his benefit for the month of September, 2015, an amount he claims should be $629.00. Although Mr. Keay's complaint is short on details, it appears that the Court lacks subject matter jurisdiction over his claim for nonpayment of benefits because Mr. Keay has not alleged that he has exhausted his administrative remedies through the Social Security Administration.

"Federal courts are courts of limited jurisdiction" and there is a presumption "that a cause [of action] lies outside this limited jurisdiction [.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Agencies of the federal government, like the Social Security Administration (SSA), are generally immune from suit and can only be sued in federal court if the United States waives its immunity. F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994). Because sovereign immunity is a jurisdictional issue, the terms of the United States' consent to suit "define [a] court's jurisdiction to entertain the suit." Kersh v. Soc. Sec. Admin., No. 3:13-CV-00582-SI, 2013 WL 3353854, at *2 (D. Or. July 3, 2013) (citing Meyer, 510 U.S. at 475; Kaiser v. Blue Cross of Cal., 347 F.3d 1107, 1117 (9th Cir.2003) ("Absent a waiver of sovereign immunity, courts have no subject matter jurisdiction over cases against the government.")). Any

waiver of sovereign immunity must be "unequivocally expressed," and it will be strictly construed in favor of the sovereign. Kersh, 2013 WL 3353854 at * 2 (citing United States v. Nordic Vill. Inc., 503 U.S. 30, 34 (1992)).

The Social Security Act includes a narrow waiver of sovereign immunity—under the Act, a plaintiff may only seek judicial review of a "final decision" of the Commissioner. A final decision includes a waivable component—exhaustion of Defendant's prescribed administrative remedies—and a nonwaivable component—the presentation of the claim to Defendant, resulting in a reviewable decision. Id. (citing Mathews v. Eldridge, 424 U.S. 319, 328 (1976)). Administrative exhaustion necessarily includes "all three stages of the administrative appeals process." See Bowen v. City of N.Y., 476 U.S. 467, 482 (1986); see also 20 C.F.R. §§ 404.900, 416.1400 (describing the four step administrative process as including an initial determination, reconsideration, a hearing before an administrative law judge, and review by the Appeals Council).

In other words, before bringing suit in this Court, Mr. Keay must first present his complaint to the Social Security Administration and challenge the failure to pay him his September benefit through the available administrative review process in that agency. Allowing the Social Security Administration the chance to review his claim and, if appropriate, correct any error could eliminate the need for judicial involvement altogether. McCarthy v. Madigan, 503 U.S. 140, 144–45 (1992). Until Mr. Keay presents his dispute to the SSA and receives a final decision from the agency about his September benefits, this Court does not have subject matter jurisdiction over his claim.

Accordingly, Mr. Keay's complaint is dismissed, with leave to amend. If Mr. Keay has already challenged the SSA's failure to pay his September benefit and received a final decision

from the Agency, he should submit an amended complaint and include specific allegations to that effect. If that is the case, Mr. Keay must submit his amended complaint within thirty (30) days of the date listed at the end of this Order.

CONCLUSION

For the reasons stated, Mr. Keay's application to proceed in forma pauperis [2] is granted and his IFP status is confirmed. His complaint [1] is dismissed sua sponte without prejudice for failing to exhaust his administrative remedies. Mr. Keay may file an amended complaint, consistent with this Opinion & Order, within 30 days of the date below. The Clerk's Office is directed to withhold issuance of any summons until further order of the Court.

IT IS SO ORDERED.

Dated this  9  day of  Oct , 2015.

_____
MARCO A. HERNÁNDEZ
United States District Judge